IN THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Tanga Payne,
Plaintiff

v.

Department of Youth Rehabilitation Services,
Defendant

**COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Tanga Payne, hereinafter Plaintiff, by her undersigned counsel, files this complaint for equitable and monetary relief, and asserts the following in support thereof:

1. This is an action to halt and seek redress for unlawful discrimination, specifically discrimination against plaintiff based on her gender, sexual orientation and age.

JURISDICTION AND VENUE

2. Subject matter jurisdiction is appropriate in this Court pursuant to 42 USC 2000e, Title VII of the Civil Rights Act of 1964, which specifically prohibits discrimination in employment on the basis of sex, and 29 USC 621, the Age Discrimination in Employment Act of 1967, which prohibits employment discrimination against those over age 40.

3. Personal jurisdiction is appropriate in this Court because NYDS, a cabinet level agency of the District of Columbia government, which has a principal place of business in the District of Columbia.

4. Venue is proper in this Court because NYDS is a cabinet level agency of the District of Columbia government, which has its principal place of business in Anne Arundel County, Maryland.

PARTIES

5. Plaintiff Tanga Payne is a 55-year-old employee of the Department of Youth Rehabilitation Services, who identifies as lesbian.

6. Defendant Department of Youth Rehabilitation Services, hereinafter DYRS, is the District of Columbia's cabinet level juvenile justice agency responsible for the security, supervision and rehabilitation of young people committed to its care and custody.

7. Plaintiff has been employed by DYRS as a youth development representative, hereinafter YDR, since January 2011.

ALLEGATIONS

8. In May 2014 and December 2014, Plaintiff applied for open supervisory youth development representative, hereinafter SYDR, positions.  Plaintiff was qualified for both positions.

9. Plaintiff is a 55-year-old gay female.

10. Plaintiff was not selected for either position, and instead, male heterosexual candidates at least 10 years younger than plaintiff were hired despite plaintiff's vastly superior experience and qualifications.  Notably plaintiff's assertion that plaintiff was 'too correctional' in outlook is a coded way of referring to plaintiff's age, which ran contrary to DYRS's desire to create a modern, 'new look' workforce.  This and other reasons

offered by NYDS for its failure to promote plaintiff are highly subjective and obviously pretextual.

11. NYDS fostered a work environment that was intolerant to lesbians or to women who failed to fit into its narrow definition of femininity.  Plaintiff and other older female employees were subject to a pattern of harassment and reprisal while employed at NYDS.

12. NYDS did not hire Plaintiff on the basis of her sex, sexual orientation and age.

WHEREFORE, Plaintiff asks this Court for the following relief.

A. That this Court enter an Order awarding Plaintiff be retroactively advanced to the DYSR position, and

B. That this Court enter an Order awarding Plaintiff back pay, and

C. Whichever additional relief this Court deems just.

Respectfully submitted,
/s/

Christopher Amos
9520 Berger Rd.
Ste. 212
Columbia, MD 21046
240-676-6813

Natalie Jones
The Law Offices of Natalie L. Johnson, Esq., PLLC
532 8th Street, SE
Washington, DC 20003
Tel 202-546-2020
Fax 899-556-9136