UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANGA PAYNE,<br>  *Plaintiff*,<br><br>  v.<br><br>DEPARTMENT OF YOUTH<br>REHABILITATION SERIVCES,<br>  *Defendant*. | Civil Action No. 18-562 (CKK) |

**MEMORANDUM OPINION**
(February 21, 2019)

  Presently before the Court is Defendant's [12] Motion to Dismiss Plaintiff's Amended Complaint for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* [Count I]; gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* [Count II]; and sexual orientation discrimination in violation of the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code § 2-1401.01 *et seq.* Plaintiff Tanga Payne's action is predicated on her being twice denied — allegedly because of her gender, age and sexual orientation — a position as a Supervisor Youth Development Representative ("SYDR") at the Department of Youth Rehabilitation Services. *See* Am. Compl. at 4-6. According to the Plaintiff, these positions were filled by "male heterosexual candidates at least 10 years younger than [Plaintiff] despite [Plaintiff's] vastly superior experience and qualifications." Am. Compl. at 3.

  As a preliminary matter, the Court notes that Defendant Department of Youth Rehabilitation Services ("Defendant" or "DYRS") asserts that it is *non sui juris*, a claim that Plaintiff does not contest, and this necessitates a dismissal without prejudice of Plaintiff's Amended Complaint so that the District of Columbia may be substituted as the

1

defendant.  For purposes of judicial efficiency, this Court shall hold in abeyance Defendant's *non sui juris* claims until March 8, 2019, while Plaintiff shall be permitted to amend her Amended Complaint to substitute the Defendant.  Furthermore, the Court will consider the merits of Defendant's other claims in support of dismissal, namely, whether Plaintiff has exhausted her ADEA claim, whether Plaintiff's DCHRA sexual orientation discrimination claim was timely, and whether Plaintiff has alleged a causal nexus between gender and her non-selection regarding her Title VII gender discrimination claim.  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's [12] Motion to Dismiss.  Plaintiff's sexual orientation discrimination claims are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims for gender and age discrimination remain standing.  Defendant's *non sui juris* claims are held in abeyance until March 8, 2019, while Plaintiff shall be permitted to amend her Amended Complaint in order to substitute the District of Columbia as the Defendant.  If Plaintiff does not substitute the District of Columbia as a Defendant, the Court will dismiss her Amended Complaint.

---

[1] The Court's consideration has focused on the following documents:

- Am. Compl, ECF No. 7;
- Def.'s Mot. to Dismiss the Am. Compl., ECF No. 12, and Def.'s Memo in support thereof, ECF No. 12-1;
- Pl.'s Memo. of Points and Auth. in Opp'n to Def,'s Mot. to Dismiss, ECF No. 14;
- Def.'s Reply in support of Mot. to Dismiss the Am. Compl., ECF No. 15.

The Court has received and reviewed the additional evidence of administrative proceedings submitted by Plaintiff, ECF Nos. 14-1, 14-2, and 14-3, but these do not have bearing on the pending motion. As indicated herein, the Court takes judicial notice of the Charge of Discrimination, ECF No. 12-1 and the Dismissal and Notice of Rights, ECF No. 15-1.

# I. LEGAL STANDARD

Defendant moves to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is designed to "test[ ] the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F. 3d 235, 242 (D.C. Cir. 2002). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must allege facts that, if accepted as true, sufficiently "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks and citation omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). For example, a court may consider an EECO complaint and Notice of Charge without converting a motion to dismiss into a motion for summary judgment because such records are "public document[s] of which a court may take judicial notice." *Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96, 101-02 (D.D.C. 2010) (citing *Wiley v. NEBF Invs.*, No. 09-CV-223, 2010 WL 114953, at *1 n. 1

(D.D.C. January 12, 2010)).

Accordingly, for purposes of the pending motion, the Court takes judicial notice of the Charge of Discrimination filed by the Plaintiff with the Maryland Commission on Civil Rights, ECF No. 12-2, and the Dismissal and Notice of Rights by the United States Equal Employment Opportunity Commission, (Baltimore Field Office), ECF No. 15-1. *See Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 28 n.2 (D.D.C. 2016) (A "Final Agency Decision . . . [is] [an] official, public document[] subject to judicial notice"). Judicial notice is taken solely for the purposes of ascertaining when the Charge of Discrimination was filed with the Maryland Commission on Civil Rights (May 4, 2015), the claims addressed therein, and the date that the United States Equal Employment Opportunity Commission, Baltimore Field Office, issued a Dismissal and Notice of Rights (December 2, 2017).

## II. DISCUSSION

### A. DYRS is Non Sui Juris and Cannot be Sued

District of Columbia government agencies may not sue or be sued unless specifically permitted by statute. *Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *see also Wilson-Greene v. Dept of Youth Rehab. Services*, Civ. Action No. 06cv2262 (RJL), 2007 WL 2007557, *2 (D.D.C. July 9, 2007) (dismissing Title VII claims against DYRS because it is *non sui juris*); *see also ReedJospeph-Minkins v. D.C. Dept. of Youth Rehab. Services*, Civil Action No. ELH-17-45, 2018 WL 3049509 (D. Md. June 20, 2018) (where defendant argued that DYRS may not be sued and asserted that the District of Columbia was the proper party, the court *sua sponte* ordered the substitution of the District of Columbia for DYRS).

Because DYRS is not subject to suit and the District of Columbia will not be prejudiced by a substitution nor will the substitution affect the substance of Plaintiff's claims, the Court concludes that substitution is appropriate in this case. Accordingly, Defendant's *non sui juris* claims are held in abeyance for ten business days while Plaintiff shall be permitted to amend her Amended Complaint in order to substitute the District of Columbia as the Defendant.

### B. Exhaustion of ADEA Claim

The ADEA requires employees to exhaust administrative remedies by filing a charge of discrimination with the EEOC or a local equivalent. *Washington v Washington Metropolitan Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998); *see* 29 U.S.C. § 626 (d)(1)(B) (discussing the timing for filing a charge). A plaintiff who files a timely charge may proceed with a subsequent civil suit in federal court that is "limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Park v. Howard Univ.*, 71 F.3d 904, 907 (DC. Cir. 1995), *cert denied*, 519 U.S. 811 (1996); *see Thompson v. District of Columbia*, 272 F. Supp. 3d 17, 22 (D.D.C. 2017) (requiring "some specificity in a charge" because a "liberal interpretation of an administrative charge" would permit a litigant to avoid the requirements of an administrative proceeding). If discriminatory acts alleged by Plaintiff in the complaint were "not articulated in the administrative charge, are not reasonably related to the allegations in the charge, and do not fall within the scope of any administrative investigation that can reasonably be expected to follow, [plaintiff] may not proceed with these additional claims without first exhausting the administrative process." *Shipman v.*

*Amtrak*, 241 F. Supp. 3d 114, 123 (D.D.C. 2017) (Kollar-Kotelly, J.), *aff'd*, 2017 WL 4217244 (D.C. Cir. Aug. 1, 2017).

In the instant case, Plaintiff checked the box for "sex" as the basis for her discrimination claim in her Charge of Discrimination, ECF No. 12-2. "While the boxes aid a claimant in identifying the nature of her charge, a claimant is not necessarily limited to the boxes she selected if she provides a basis for her claims in her written explanation." *Robinson Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 13 (D.D.C. 2008), *aff'd*, 417 Fed. App'x 4 (D.C. Cir. 2011). In this case, even though the box for "age" was not checked, this Court may examine the Plaintiff's narrative explanation "to determine whether [it] fairly embrace[s] [another] claim." *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 3d 71, 76 (D.D.C. 2009) (internal quotation marks omitted). A review of Plaintiff's accompanying narrative in her Charge of Discrimination reveals that she emphasizes age as a factor involved in the promotion decision insofar as Plaintiff specifies that she is "over the age of 40," and a woman "age 40" was offered the position while a man "age 30" was awarded the position. Charge of Discrimination, ECF No. 12-2; *contra McIver v. Mattis*, 318 F. Supp. 3d 245, 250 (D.D.C. 2018) (denying exhaustion of a disability discrimination claim where that box was left unchecked, and the details section of the Charge failed to provide any information that could be read to "express or even hint" at plaintiff's disability claim) (quoting *Park*, 71 F. 3d at 907).

Plaintiff's assertions relating to her age and gender are reasonably related and arise in the context of the same factual allegations underlying her claim that DYRS failed to

select her for the positions for which she applied.[2]  This Court concludes accordingly that a reasonable reading of Plaintiff's Charge of Discrimination permits the inference that Plaintiff contemplated the existence of and/or intended to assert age discrimination in addition to gender discrimination, and the ensuing administrative investigation could reasonably have been expected to address both age and gender discrimination in connection with Plaintiff's allegations of discriminatory non-promotion.  The Court finds therefore that Plaintiff's ADEA claim survives Defendant's motion to dismiss.

### C. Plaintiff's DCHRA Claim is Barred by the Statute of Limitations Unless the Statute is Tolled

Pursuant to D.C. Code § 2-1403.16, the DCHRA has a one-year limitations period, but an administrative charge timely filed with the District of Columbia Office of Human Rights ("OHR") tolls this limitations period.  *See* D.C. Code § 1-1403.16 (a) ("A private cause of action [under the statute] shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act" but this may be tolled by "[t]he timely filing of a complaint with the Office, or under the administrative procedures established by the Mayor pursuant to § 2-1403.03.")[3]  Charges of discrimination filed with the EEOC are automatically cross-filed with the OHR with the effect that the statute of limitations is tolled for DCHRA claims.  *Hatter v. Washington Metropolitan Area Transit Auth.*, 105 F. Supp. 3d 7, 10 (D.D.C. 2015); *Hammel v. Marsh USA, Inc.*, 79 F. Supp. 3d 234, 240 (D.D.C. 2015) (Kollar-Kotelly, J.) (string citing cases from the District Court for the

---

[2] Plaintiff further alleges that she is "openly gay," while the woman offered the position was a "non-heterosexual female" and the man awarded the position was a "heterosexual male."  *See* Charge of Discrimination, ECF No. 12-2.

[3] The "Office" refers to the DCOHR.  D.C. Code § 2-1401.02 (19).

District of Columbia Circuit and explaining that "D.C. Circuit district court cases on this issue follow *Estenos* [*v. PAHO/WHO Fed. Credit Union*, 952 A. 2d 878 (D.C. 2008)] and find the statute of limitations to be tolled during the pendency of an administrative complaint," and this tolling period ends when the plaintiff receives a notice from the EEOC of his right to sue).

Because Plaintiff filed this lawsuit on March 12, 2018, Compl., ECF No. 1, the allegedly unlawful acts must have occurred by March 12, 2017, to be considered timely. But, Plaintiff asserts that she was denied the position of Supervisory Youth Development Representative first on July 24, 2014, and then again on November 17, 2014. Plaintiff asserts however that her filing of a Charge of Discrimination with the Maryland Commission on Civil Rights on May 4, 2015, which was cross-filed with the EEOC under a work-sharing agreement between the Maryland Commission and the EEOC, should toll the DCHRA's statute of limitations. As explained in more detail below, Defendant asserts that the statute of limitations is not tolled; however, even if "the complaint she filed in Maryland tolled the limitations period," Plaintiff's "DCHRA claims arising from her first application for a supervisory position in June 2014 are [still] untimely" when you consider the timing of the alleged first discriminatory act, the date Plaintiff filed her charge of discrimination, and the filing date of her civil complaint in this Court. *See* Def.'s Reply, ECF No. 15, at 13 (calculating the timeline between the dates). The Court agrees with those calculations, which make Plaintiff's DCHRA claim arising from her first non-selection for a supervisory position untimely and subject to dismissal with prejudice, regardless of whether the statute of limitations is tolled.

Prior to resolving the parties' underlying dispute about tolling, the Court shall address Plaintiff's digression that she filed her original complaint with the Baltimore, Maryland EEOC office "upon being directed to file it there by OHR because the underlying conduct occurred in Prince George's County, Maryland." Pl.'s Opp'n, ECF No. 14, at 7. Defendant challenges Plaintiff's statement, noting that because the "DCHRA allows any person claiming to be aggrieved by an unlawful discriminatory practice of the District government to file an administrative complaint with the DCOHR," D.C. Code § 2-1403.03 (b), there is accordingly "no policy of referring District government employees to another state to file an administrative complaint." Def.'s Reply at 13, n.7. Without any further explanation or argument on this point, it is unclear whether Plaintiff is raising the "lulling doctrine," which is a "limited exception" to the "generally strict application of statutes of limitations." *East v Graphic Arts Indus. Joint Pension Trust*, 718 A.2d 153, 156 (D.C. 1998). Furthermore, even if Plaintiff is relying on "lulling" to toll the statute of limitations, that standard is unmet because it requires that a defendant "affirmatively induce[]" a plaintiff to delay bringing an action, and "concrete evidence" must be presented to demonstrate this. *Coates v. Edgewood Management Corporation*, 258 F. Supp. 3d 107, 114 (D.D.C. 2017). Plaintiff has neither asserted affirmative inducement nor presented any concrete evidence of the same and thus, no lulling argument is warranted.

Turning next to the crux of the Defendant's argument against tolling, the Defendant explains that:

> DCOHR and the Maryland Commission are both fair employment practices agencies (FEPAs). FEPAs enter into work-sharing agreements not with the EEOC as such, but with its local field offices within each state. Under these work-sharing agreements, charges filed with the EEOC's Washington field office are considered cross-filed with DCOHR, and charges filed with the EEOC's Baltimore field office are considered cross-filed with the Maryland Commission. But there is no

9

> work- sharing agreement under which charges like Plaintiff's, which was filed with the Maryland Commission, are deemed cross-filed with DCOHR. And [pursuant to the statute], only charges filed with the DCOHR toll the DCHRA's limitations period.

Def.'s Reply, ECF No. 15, at 10-11. *See Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 93-94 (D.D.C. 2018) ("[T]the statute of limitations is tolled by the filing of a charge *with the D.C. Office of Human Rights*, not just the filing of any administrative charge.") (emphasis in original). *But see Schuler v. PricewaterhouseCoopers*, 514 F. 3d 1365, 1372-4 (D.C. Cir. 2008) (where the United States Circuit Court for the District of Columbia found that a charge of discrimination filed with the EEOC's New York district office by a D.C. employee of a New York-based firm was sufficient to "deem[ ] [it] received" by the DCOHR and to satisfy the requirements of 29 U.S.C. § 633 (b), thus allowing plaintiff's ADEA claim to proceed). Defendant distinguishes this case on grounds that: (1) the Circuit Court interpreted a provision of federal law as opposed to the "dissimilar language" of the D.C. Code provision at issue here; (2) Section 633(b) sets an exhaustion requirement while D.C. Code Section 2-1403.16 sets a tolling provision; and (3) the *Schuler* plaintiff explicitly told the EEOC that his complaint should be cross-filed with the DCOHR. *See* Def.'s Reply, ECF No. 15, at 1-12.

This Court concludes that Defendant's reading of the DCHRA tolling statute is correct, with the effect that Plaintiff's administrative complaint failed to toll the statute of limitations because Plaintiff's administrative complaint was filed with the Maryland EEOC office as opposed to the District of Columbia EEOC office. Because any charge of discrimination filed with the EEOC in the District of Columbia is "automatically cross-filed with the [DCOHR] . . . pursuant to a 'worksharing agreement' between the two

agencies," it is established that "the timely filing of a charge with the EEOC, and the automatic cross-filling of a claim with the DCOHR that follows, is sufficient to toll the one-year statute of limitations for filing a claim with the DCHRA." *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 78 (D.D.C. 2009) (collecting cases). In contrast, Plaintiff's charge of discrimination filed with the Maryland EEOC office did not cross-file Plaintiff's claim of discrimination with the D.C. Office of Human Rights, which was necessary to toll the statute of limitations. Accordingly, Plaintiff's claims of sexual orientation discrimination pursuant to the DCHRA are barred by the statute of limitations and they shall be DISMISSED WITH PREJUDICE.

**D. Causal Nexus between Gender and Non-Selection for the SYDR Position**

To state a claim for gender discrimination, Plaintiff must allege a causal nexus between defendant's alleged discriminatory motive and the adverse action. *Easaw v Newport*, 253 F. Supp. 3d 22, 30 (D.D.C. 2017). A complaint may be dismissed under Rule 12(b)(6) if it consists only of threadbare recitals of the cause of action, supported by mere conclusory statements. *Ashcroft*, 556 U.S. at 678; *see McNair v. District* of Columbia, 213 F. Supp. 3d 81, 87-88 (D.D.C. 2016) (letting stand a claim for race discrimination where Plaintiff pleaded "at least one racially-motivated adverse employment action" but dismissing a gender discrimination claim because Plaintiff failed to allege any connection between her gender and the alleged different treatment that she received).

In the instant case, Plaintiff alleges that:

Payne was not selected for either position, and instead, male heterosexual candidates at least ten years younger than Payne were hired despite Payne's vastly superior experience and qualifications. Notably, [the] assertion that Payne was "too correctional" in outlook is a coded way of referring to Payne's age, which ran contrary to DYRS's desire to create a modern, 'new look' workforce, this and other reasons offered by DYRS for its failure to promote Payne are highly

11

> subjective and obviously pre-textural. . . . DYRS fostered a work environment that was intolerant to lesbians or to women who failed to fit into its narrow definition of femininity.

Am. Compl., ECF. No. [7], at 3.

When a case is at "the motion to dismiss stage, the district court cannot throw out a [discrimination] complaint even if the plaintiff did not plead the elements of a prima facie case." *Brown* v. *Sessoms*, 774 F. 3d 1016. 1023 (D.C. Cir. 2014) (quoting *Brady v. Office of Sergeant at* Arms, 520 F. 3d 490, 493 (D.C. Cir. 2008)); *Townsend v. United States*, 236 F. Supp. 3d 280, 309 (D.D.C. 2017). Nor are "detailed factual allegations" required. *Twombly*, 550 U.S. at 555. A plaintiff need only allege facts that give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Accordingly, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Consistent with these principles, courts in this Circuit "have consistently recognized the ease with which a plaintiff claiming employment discrimination can survive . . . a motion to dismiss." *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011) (Kollar-Kotelly, J.) (internal quotation marks omitted). The question for the Court then becomes "whether [the plaintiff has] alleged facts that, taken as true, render [her] claim of [discrimination] plausible." *Harris v. D.C. Water & Sewer Auth.*, 791 F. 3d 65, 70 (D.C. Cir. 2015).

Upon review of Plaintiff's Amended Complaint, the Court concludes that Plaintiff has alleged facts that, taken as true, state a plausible claim for discrimination based on gender and age. Plaintiff describes her position at the DYRS and some general information

about her work history. She claims two specific instances of alleged discrimination relating to her failure to be promoted despite her qualifications. Plaintiff indicates that she is a member of a protected class based on her age and gender, and furthermore, that the candidates who were selected for these positions were not members of a protected class. Plaintiff inserts some additional commentary as to the Defendant's possible rationale behind its decision not to promote Plaintiff. When combined, these allegations "raise [Plaintiff's] right to relief above the speculative level." *Brown*, 774 F. 3d at 1023 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the Court finds that Plaintiff's claim for gender discrimination demonstrates enough of a causal nexus between her gender and the non-selection for a SYDR position to survive a motion to dismiss.

### III. CONCLUSION

For the foregoing reasons**,** the Court **GRANTS IN PART AND DENIES IN PART** Defendant's [12] Motion to Dismiss. Plaintiff's sexual orientation discrimination claims are **DISMISSED WITH PREJUDICE**. Plaintiff's claims for gender and age discrimination remain standing. D Defendant's *non sui juris* claims are held in abeyance until March 8, 2019, while Plaintiff shall be permitted to amend her Amended Complaint in order to substitute the District of Columbia as the Defendant. If Plaintiff does not substitute the District of Columbia as a Defendant, the Court will dismiss her Amended Complaint.

An appropriate Order accompanies this Memorandum Opinion.

February 21, 2019     _____/s/_____
                      COLLEEN KOLLAR-KOTELLY
                      UNITE STATES DISTRICT JUDGE